McKihNEy, J.,
delivered the opinion of the court.
This case was before us at a former term, but not upon the questions now presented. For a statement of the material facts, we refer to the report of the case; 10 Humph., 470.
In the progress of the trial, the plaintiff introduced Nathaniel Anderson as a witness, to prove that S. Gr. Dunn was a part owner of the boat, “Lady of Lyons,” in the year 1843, and for some time thereafter. But the witness objected to being examined on the ground, “that he was himself; at one time, a part owner of *660 said steamboat, and sold bis interest therein to said Dunn; and if said Dunn were liable in this action, he (the witness) considered himself Voimd to the same extent.” And thereupon the court ruled that the witness was not bound to testify in the cause.
In this we think the court erred. It is too well settled to admit of discussion, that the interest which disqualifies a witness, must be either a legal, certain, and immediate interest in the event of the cause; or, interest in the record, for the reason that it will be legal evidence for or against him, in another suit. A remote, uncertain, or contingent interest, will not disqualify; neither will a mere honorary obligation, where no legal obligation, in fact, exists. Nor can it be left to the opinion or judgment of the witness to decide, whether or not he is competent; this is a question exclusively for the court, upon the facts of the particular case. The presumption is in favor of competency, and the contrary must be satisfactorily shown; and if it be left doubtful, the objection, will only go to the credit of the witness; 1 G-reenl. Ev., §§ 386 to 390.
The statement of the witness in the present case, shows no interest; no facts are stated from which such a conclusion can be deduced; the exclusion of the witness rests alone upon the ground, that he considered himself interested.
The judgment will be reversed, and the verdict set aside as to both defendants.